```
 1  Thomas M. Kerr (State Bar No. 241530)
    HOLME ROBERTS & OWEN LLP
 2  560 Mission Street, 25th Floor
    San Francisco, CA  94105
 3  Telephone:    (415) 268-1969
    Facsimile:    (415) 268-1999
 4  E-mail: tom.kerr@hro.com

 5  Attorneys for Plaintiffs
    ELEKTRA ENTERTAINMENT GROUP, INC.;
 6  VIRGIN RECORDS AMERICA, INC.; UMG
    RECORDINGS, INC; SONY BMG MUSIC
 7  ENTERTAINMENT; ARISTA RECORDS LLC;
    and BMG MUSIC
 8
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; VIRGIN RECORDS AMERICA, INC., a California corporation; UMG RECORDINGS, INC., a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; ARISTA RECORDS LLC, a Delaware limited liability company; and BMG MUSIC, a New York general partnership, <br>         Plaintiffs, <br><br> v. <br><br> MELISSA HICKS, <br>         Defendant. | CASE NO. C-06-05434-MEJ <br><br> Honorable Maria-Elena James <br><br> [PROPOSED] **JUDGMENT AND PERMANENT INJUNCTION BASED ON STIPULATION** <br><br> ORDER CLOSING FILE |

///
///
///
///
///

[Proposed] Judgment
Case No. C-06-05434-MEJ
#28504 v1

The Court, having considered the Stipulation to Judgment and Permanent Injunction executed by the parties,

IT IS ORDERED AND ADJUDGED THAT:

1. Plaintiffs have alleged that Defendant distributed (including by uploading) and/or reproduced (including by downloading) via the Internet or an online media distribution system copyrighted sound recordings owned or controlled by the Plaintiffs, without Plaintiffs' authorization, in violation of 17 U.S.C. § 501. Without admitting or denying liability, Defendant has not contested plaintiffs' allegations, and has acknowledged that such conduct is wrongful.

2. Defendant shall pay to Plaintiffs in settlement of this action the total sum of $1980.00.

3. Defendant shall pay Plaintiffs' costs of suit (complaint filing fee and service of process fee) in the amount of $420.00.

4. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by:

   a) using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs; or

   b) causing, authorizing, permitting, or facilitating any third party to access the Internet or any online media distribution system through the use of an Internet connection and/or computer equipment owned or controlled by Defendant, to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

[Proposed] Judgment
Case No. C-06-05434-MEJ
#28504 v1

1  Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant and/or any third
2  party that has used the Internet connection and/or computer equipment owned or controlled by
3  Defendant has downloaded without Plaintiffs' authorization onto any computer hard drive or server
4  owned or controlled by Defendant, and shall destroy all copies of those downloaded recordings
5  transferred onto any physical medium or device in Defendant's possession, custody, or control.

6      5.    Defendant irrevocably and fully waives notice of entry of the Judgment and
7  Permanent Injunction, and understands and agrees that violation of the Judgment and Permanent
8  Injunction will expose Defendant to all penalties provided by law, including for contempt of Court.

9      6.    Defendant irrevocably and fully waives any and all right to appeal this Judgment and
10 Permanent Injunction, to have it vacated or set aside, to seek or obtain a new trial thereon, or
11 otherwise to attack in any way, directly or collaterally, its validity or enforceability.

12     7.    Nothing contained in the Judgment and Permanent Injunction shall limit the right of
13 Plaintiffs to recover damages for any and all infringements by Defendant of any right under federal
14 copyright law or state law occurring after the date Defendant executes the Stipulation to Judgment
15 and Permanent Injunction.

16     8.    Defendant shall not make any public statements that are inconsistent with any term of
17 the Stipulation to Judgment and Permanent Injunction.

18     9.    The Court shall maintain continuing jurisdiction over this action for the purpose of
19 enforcing this final Judgment and Permanent Injunction.
20 The Clerk of Court shall close the file.

21 Dated: March 1, 2007



By: _____
Hon. Maria-Elena James
Judge Maria-Elena James

---

[Proposed] Judgment
Case No. C-06-05434-MEJ
#28504 v1

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO |

     I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 560 Mission Street, 25th Floor, San Francisco, CA 94105.

     On February 28, 2007, I served the foregoing document described as

**STIPULATION TO JUDGMENT AND PERMANENT INJUNCTION; and [PROPOSED] JUDGMENT AND PERMANENT INJUNCTION BASED ON STIPULATION**

on the interested party in this action by placing a true and correct copy thereof enclosed in a sealed envelope addressed as follows:

     **Melissa Hicks**
     **3832 Cedar Ave.**
     **Clearlake, CA 95422-9028**

     X     BY MAIL: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

     Executed on February 28, 2007, at San Francisco, California.

     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

                                    */s/ Molly Morris*
                                    Molly Morris

Proof of Service
Case No. C-06-05434-MEJ
#28504 v1